EAST BATON ROUGE PARISH
Filed Aug 04, 2020 12:04 PM
Deputy Clerk of Court
E-File Received Aug 03, 2020 5:18 PM

C-698547
22

Case 3:20-cv-00565-JWD-RLB   Document 1-1   08/31/20   Page 1 of 7

CIVIL DISTRICT COURT FOR THE PARISH OF EAST BATON ROUGE
STATE OF LOUISIANA

| | | |
|---|---|---|
| Johnnie Hardy, Jr. | * | |
| *Plaintiff,* | * | |
| | * | |
| vs. | * | Docket No. _____ |
| | * | Div. _____ |
| Savage Services Corporation; | * | |
| Savage Industrial Rail Services, Inc.; | * | |
| Sasol Chemicals (USA) LLC; and | * | |
| ABC Insurance Companies 1-3 | * | |
| *Defendants.* | * | |

## PLAINTIFF'S ORIGINAL PETITION

Plaintiff Johnnie Hardy, Jr. ("Plaintiff") complains of **Defendants Savage Services Corporation; Savage Industrial Rail Services, Inc.; Sasol Chemicals (USA) LLC; and ABC Insurance Companies 1-3** (collectively, "Defendants") and would respectfully show the Court the following:

### I.
### JURISDICTION AND VENUE

#### I-A.

This suit is governed by the Federal Employers' Liability Act, 45 U.S.C. Sec. 51 et seq., ("FELA"). This Court has jurisdiction pursuant to 45 U.S.C. § 56, which vests concurrent jurisdiction to both the state and federal courts for actions arising under the FELA. This action may not be removed to any district court of the United States. *See* 28 U.S.C. § 1445 (a). Further, this Court has jurisdiction over this suit because the amount in controversy is in excess of the minimal jurisdictional limits of the Court.

#### I-B.

The Court has personal jurisdiction over Defendants and venue is proper in East Baton Rouge Parish because Defendants committed a tort in Louisiana; Defendants conduct substantial business in Louisiana; Defendants have systemic and ongoing contacts in the state of Louisiana; Defendants are registered to do business in Louisiana; this is a suit against a foreign insurer under Article 42(7) of the Louisiana Code of Civil Procedure; and Savage Industrial Rail Services, Inc.'s principal places of business in Louisiana is in East Baton Rouge Parish.

**EXHIBIT "A"**

## II.
## PARTIES

### II-A.

Plaintiff Johnnie Hardy, Jr. is a citizen of the United States of America and at all material times was an employee of Savage Services Corporation and/or Savage Industrial Rail Services, Inc. whose duties furthered interstate or foreign commerce and whose duties directly or closely and substantially affected interstate or foreign commerce.

### II-B.

Defendant **Savage Services Corporation** is a common carrier by railroad under FELA. It is also foreign corporation that conducts substantial business in Louisiana. It is registered with Louisiana Secretary of State and maintains a Louisiana principal business establishment in Red River Parish. It may be served via its registered agent: **C T Corporation System, 3867 Plaza Tower Drive, Baton Rouge, LA 70816.**

### II-C.

Defendant **Savage Industrial Rail Services, Inc.** is a common carrier by railroad under FELA. It is also foreign corporation that conducts substantial business in Louisiana. It is registered with Louisiana Secretary of State and maintains a Louisiana principal business establishment in East Baton Rouge Parish. It may be served via its registered agent: **C T Corporation System, 3867 Plaza Tower Drive, Baton Rouge, LA 70816.**

### III-D.

Defendant **Sasol Chemicals (USA) LLC** is a foreign company that conducts substantial business in Louisiana. It is registered with Louisiana Secretary of State and maintains a Louisiana principal business establishment in Calcausieu Parish. It may be served via its registered agent: **C T Corporation System, 3867 Plaza Tower Drive, Baton Rouge, LA 70816.**

### II-E.

Defendant **ABC Insurance Company 1** is a presently unidentified party that provides a general commercial liability and/or excess or umbrella policy to Defendant Savage Services

Corporation. On information and belief, Defendant **ABC Insurance Company 1** is a foreign insurer.

## II-F.

Defendant **ABC Insurance Company 2** is a presently unidentified party that provides a general commercial liability and/or excess or umbrella policy to Defendant Savage Industrial Rail Services, Inc. On information and belief, Defendant **ABC Insurance Company 1** is a foreign insurer.

## II-G.

Defendant **ABC Insurance Company 3** is a presently unidentified party that provides a general commercial liability and/or excess or umbrella policy to Defendant Sasol Chemicals (USA) LLC. On information and belief, Defendant **ABC Insurance Company 1** is a foreign insurer.

## III.
## FACTS

### III-A.

On or about May 8, 2020, while working within the scope of his duties as a Switchman for Defendant Savage Services Corporation and/or Savage Industrial Rail Services, Inc. ("Savage"), Plaintiff was injured when a highly-pressurized water tank exploded, causing highly pressurized water to be shot at his head, neck, and shoulder. The incident occurred at Defendant Sasol Chemicals (USA) LLC's ("Sasol") chemical plant in Westlake, Louisiana. Plaintiff was at the time operating within the course and scope of his employment as a Switchman.

### III-B.

This incident was a direct result of the Defendants' inadequate and unsafe policies, failure to properly prepare for the job tasks being performed at the time, and failure to provide a safe work environment for Plaintiff.

### III-C.

As a result of this incident, Plaintiff sustained severe injuries to his head, neck, shoulder, and other parts of his body. The injuries and damages suffered by the Plaintiff were sustained

while engaged in the course of his duties and in furtherance of interstate commerce and directly or closely and substantially affecting such commerce.

### III-D.

Savage caused Plaintiff's injuries by violating FELA and related laws enacted for the safety of railroad workers. Because of this statutory negligence and violation of the law related to FELA, Savage legally obligated to compensate Plaintiff for his injuries. Savage is liable to Plaintiff for failing to provide Plaintiff a safe place to work, in violation of the Federal Employer's Liability Act.

### III-E.

As a direct and proximate result of Defendants' negligence, Plaintiff injured his legs, spine, and other parts of his body. Plaintiff also has ongoing traumatic stress as a result of the incident, which includes nightmares. The injuries and damages suffered by the Plaintiff were sustained while engaged in the course of his duties and in furtherance of interstate commerce and directly or closely and substantially affecting such commerce.

### III-F.

Plaintiff's injuries are severely painful, disfiguring, and debilitating. They harm the quality of his life, and have required both past and future medical treatment. These injuries are permanent. They have impaired Plaintiff's ability to work, and he has lost income because of them. Plaintiff has suffered, and will continue to suffer, other damages as a result of the injuries described above. In this lawsuit, he claims compensation for all injuries and damages recoverable under FELA, whether or not specifically alleged.

## IV.
## NEGLIGENCE AND GROSS NEGLIGENCE

### IV-A.

Plaintiff incorporates by reference each and every allegation in Section III above as if set forth in full herein.

### IV-B.

Plaintiff's injuries resulted in whole or in part from the negligence and gross negligence of Defendants (i.e., all defendants). Defendants breached their duties to Plaintiff, were negligent and responsible for, among other things:

    a.    failing to provide Plaintiff with a safe place to work;

    b.    failing to reasonably supervise their employees;

    c.    failing to maintain the pressure tank in a reasonably safe condition;

    d.    failing to repair the pressure tank;

    e.    failing to warn Plaintiff of dangers associated with the pressure tank;

    f.    failing to make the work area near the pressure tank safe;

    g.    failing to follow safe management practices with the goal of providing Plaintiff a safe work environment;

    h.    failing to provide adequate equipment;

    i.    failing to provide their employees' with proper instructions and orders;

    j.    failing to adequately protect him from dangerous conditions;

    k.    failing to test or properly evaluate the conditions and equipment with which he was required to work;

    l.    failing to adopt and enforce proper rules, regulations, and procedures concerning work practices and work areas; and

    m.    Other acts so deemed negligent and grossly negligent.

## V.
## DAMAGES

### V-A.

As a direct and proximate result of Defendant's negligence, Plaintiff suffered serious injuries, including bodily injury resulting in pain and suffering, disability, mental anguish, loss of capacity for the enjoyment of life, pharmaceutical and medical expenses, loss of earnings, and loss of future earning capacity. The losses are permanent and continuing in nature. Plaintiff will continue to suffer these losses in the future.

### V-B.

5

Further, Plaintiff sustained severe injuries to his body and mind, which resulted in physical pain, mental anguish, and other medical problems. Plaintiff has sustained severe pain, physical impairment, cognitive injury, discomfort, mental anguish, and distress. In all reasonable probability, Plaintiff's physical pain, physical impairment, cognitive injury and mental anguish will continue indefinitely.

### V-C.

Plaintiff has also suffered a loss of earnings in the past, as well as a loss of future earning capacity. Plaintiff has incurred and will incur pharmaceutical and medical expenses in connection with his injuries. Plaintiff has been damaged in a sum far in excess of the minimum jurisdictional limits of this Honorable Court, for which he now sues.

### V-D.

Plaintiff is also entitled to punitive damages because the aforementioned actions of Defendants were grossly negligent. Defendants acted with flagrant and malicious disregard of Plaintiff's health and safety. Defendants were subjectively aware of the extreme risk posed by the conditions which caused Plaintiff's injury, but did nothing to rectify them. Instead, Defendants had Plaintiff and other train crew members continue working despite the dangerous conditions that were posed to them. Defendants did so knowing that the conditions posed dangerous and grave safety concerns. Defendants' acts and omissions involved an extreme degree of risk considering the probability and magnitude of potential harm to Plaintiff. Defendants had actual, subjective awareness of the risk, and consciously disregarded such risk by allowing Plaintiff to work under such dangerous conditions.

## VI.
### RESERVATION OF RIGHTS

### VI-A.

Plaintiff reserves the right to prove the amount of damages at trial and to amend his Petition to add additional claims upon further discovery and as his investigation continues.

## VII.
### REQUEST FOR TRIAL BY JURY

### VII-A.

Plaintiff requests a trial by jury.

## VIII.
## PRAYER

Plaintiff prays that this citation issue and be served upon Defendants in a form and manner prescribed by law, requiring that Defendants appear and answer, and that upon final hearing, Plaintiff have judgment against Defendants, jointly, severally, and *in solido* in a total sum in excess of the minimum jurisdictional limits of this Court, plus pre-judgment and post-judgment interests, all costs of Court, exemplary damages, and all such other and further relief, to which they may show himself justly entitled.

**DATED: August 4, 2020.**

Respectfully submitted,

ARNOLD & ITKIN LLP

*/s/ Ben Bireley*

Noah M. Wexler (#34995)
Ben Bireley (#37587)
6009 Memorial Drive
Houston, Texas 77007
PH: (713) 222-3800
FAX: (713) 222-3850

-AND-

CLAYTON, FRUGÉ & WARD

A.M. "Tony" Clayton (#21191)
Michael P. Frugé (#26287)
Richard J. Ward, III (#32267)
Michael C. Hendry (#35819)
Randall "Blue" Gay, Jr. (#36464)
Brilliant P. Clayton (#36829)
3741 La Highway 1 South
Port Allen, Louisiana 70767
PH: (225) 344-7000
FAX: (225) 383-7631

*Plaintiff's Attorneys*

**Please Serve:**

| Savage Services Corporation | Savage Industrial Rail | Sasol Chemicals (USA) LLC |
|---|---|---|
| c/o C T Corporation System | Services, Inc. | c/o C T Corporation System |
| 3867 Plaza Tower Drive | c/o C T Corporation System | 3867 Plaza Tower Drive |
| Baton Rouge, LA 70816. | 3867 Plaza Tower Drive | Baton Rouge, LA 70816. |
| | Baton Rouge, LA 70816. | |