## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **JOHNNIE HARDY, JR.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 20-565-JWD-RLB** |
| **SAVAGE SERVICES CORPORATION, ET AL.** | |

### NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

**NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on March 26, 2021.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**JOHNNIE HARDY, JR.**            **CIVIL ACTION**

**VERSUS**            **NO. 20-565-JWD-RLB**

**SAVAGE SERVICES
CORPORATION, ET AL.**

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is the Motion to Remand filed by Plaintiff, Johnnie Hardy, Jr. (R. Doc. 13). The Motion is Opposed. (R. Doc. 18).

**I.**      **Background**

Plaintiff initiated this action in state court with the filing of his original Petition for Damages. (R. Doc. 1-1). Therein, Plaintiff alleges that he suffered injuries while working as a Switchman for Defendant Savage Services Corporation when a highly pressurized water tank exploded, causing highly pressurized water to be shot at his head, neck, and shoulder. (R. Doc. 1-1 at 3). Plaintiffs avers that Defendants violated the Federal Employers' Liability Act ("FELA"), 45 U.S.C. § 51, et seq., and seeks damages pursuant thereto, as well as theories of negligence and gross negligence. (R. Doc. 1-1 at 4-6).

Defendants removed this action with the filing of their Notice of Removal on August 31, 2020. (R. Doc. 1). Therein, Defendants suggest that federal subject matter jurisdiction is appropriate via complete diversity pursuant to 28 U.S.C. § 1332. (R. Doc. 1 at 1). Defendants assert that Plaintiff fraudulently joined the FELA claim in an attempt to prevent removal, that Defendants are not common carriers for purposes of FELA, and that Plaintiff was not employed by Defendants for purposes of FELA. (R. Doc. 1 at 4-11).

**II.     Law and Analysis**

Defendants may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441.  This Court has original subject matter jurisdiction "of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Nevertheless, because federal courts are courts of limited jurisdiction, it is presumed that a suit removed to federal court lies outside this limited jurisdiction. *Howery v. Allstate Ins. Co.,* 243 F.3d 912, 916 (5th Cir. 2001).

28 U.S.C. § 1445(a) provides that "[a] civil action in any State court against a railroad or its receivers or trustees, arising under sections 1-4 and 5-10 of the Act of April 22, 1908 (45 U.S.C. 51-54, 55-60), may not be removed to any district court of the United States." In his Petition, Plaintiff alleges that "[t]his suit is governed by the Federal Employers' Liability Act," such that, on its face, this litigation would appear to be subject to the prohibition of removal under FELA. (R. Doc. 1-1 at 1). Defendants, however, that argue Plaintiff fraudulently joined claims under FELA such that those allegations should not be considered for purposes of assessing the propriety of removal. The removing defendants assert that there is complete diversity between the parties and that the amount in controversy exceeds $75,000, such that federal jurisdiction is present pursuant to 28 U.S.C. §1332.[1]

"Courts use a 'summary-judgment like procedure for disposing of fraudulent joinder claims.'" *Landry v. Delta Well Surveyors*, 1997 WL 191511, at *2 (E.D. La. Apr. 16, 1997) (citing *Carriere v. Sears, Roebuck & Co.*, 893 F.2d 98, 100 (5th Cir. 1990)). "To prove fraudulent pleading, '[t]he removing party must show that there is no possibility that plaintiff would be able to establish a cause of action.'" *Id.* (citing *Burchett v. Cargill*, 48 F.3d 173, 175

---

[1] Plaintiff's Motion to Remand does not dispute that the requirements for diversity jurisdiction are present.

2

(5th Cir. 1995)). Though similar, the "scope of inquiry for fraudulent joinder, however, is broader than that for Rule 12(b)(6)," because "the district court may 'pierce the pleadings' and consider summary judgment type evidence, taking into account all unchallenged factual allegations, including those alleged in the complaint, in the light most favorable to the plaintiff." *Massoodi v. Chase Home Fin., LLC*, 2019 WL 7945708, at *1 (N.D. Tex. Mar. 7, 2019) (citing *Ross v. Citifinancial, Inc.*, 344 F.3d 458 (5th Cir. 2003)).

"[T]o prevail under [FELA], a plaintiff must prove that (1) the defendant is a common carrier by railroad engaged in interstate commerce; (2) he was employed by the defendant with duties advancing such commerce; (3) his injuries were sustained while he was so employed; and (4) his injuries resulted from the defendant's negligence" *Weaver v. Missouri Pac. R. Co.*, 152 F.3d 427, 429 (5th Cir. 1998) (citing *Smith v. Medical and Surgical Clinic Ass'n*, 118 F.3d 416, 419 (5th Cir. 1997)).

Accordingly, the Court's analysis will begin with whether there is a possibility that Plaintiff can establish that any Defendant is a common carrier by railroad engaged in interstate commerce for purposes of FELA. In his Motion to Remand, Plaintiff argues that the question of whether Defendants are common carriers for purposes of FELA is a fact-intensive inquiry, and that "where a web of corporate relations ties a Defendant to a particular company or other entities that plainly are common carriers, common carrier status may be present." (R. Doc. 13 at 8). The Savage Defendants,[2] on the other hand, argue that they are not common carriers because their business is solely for the benefit of Sasol. (R. Doc. 18-1 at 6).

---

[2] It is disputed whether Savage Services Corporation and Savage Industrial Rail Services, Inc. are the appropriate defendants. The Notice of Removal states that Plaintiff was not employed by either of these entities and instead was employed by Savage Transportation Management, Inc. (R. Doc. 1 at 1-2, R. Doc. 1-2 at 1). Defendants have asserted that the named Savage defendants "have no connection whatsoever to the Sasol facility in Westlake, LA, where Plaintiff's alleged accident occurred." (R. Doc. 2 at 3). The Court need not resolve this issue for purposes of the instant motion, as the common carrier analysis herein will apply to any Savage entity that is found to have employed the Plaintiff for purposes of FELA. The Savage defendants specifically assert that "none of the entities

3

In an affidavit by Edward Lee, the General Manager for Savage Transportation Management, Inc., it is stated that Savage Transportation Management, Inc. maintained a private contract with Sasol to move railcars solely in Sasol's plant, that they in fact moved railcars solely in Sasol's plant, and that Sasol's tracks are used solely to transport products within its own plant. (R. Doc. 18-1 at 6). Savage Transportation Management, Inc. was the employer of the plaintiff and does not move railcars on any tracks owned by common carriers. When Sasol's product needs to be moved by railcar out of Sasol's plant, that service is performed by Kansas City Railroad, with no involvement of Savage Transportation Management, Inc. or its personnel.

Further, even were the Court to assume that Sasol could be considered a common carrier by way of its relationship with KCS, there is no possibility that Plaintiff would be considered an employee of Sasol for purposes of FELA. First, Plaintiff does not even allege an employment relationship with Sasol. Plaintiff's petition specifically states that he was "at all material times [] an employee of Savage Services Corporation and/or Savage Industrial Rail Services, Inc. whose duties furthered interstate or foreign commerce and whose duties directly or closely and substantially affected interstate or foreign commerce." (R. Doc. 1-1 at 2). Additionally, by way of Affidavit, Defendants represent that Plaintiff was employed by Savage Transportation Management, Inc., not Sasol, that Plaintiff was under the supervision and control of Savage, and that Savage had the right to control and direct Plaintiff. (R. Doc. 1-2 at 2). Plaintiff received his work assignments from Savage and was not supervised or otherwise given direct instructions by Sasol, was not provided any tools or equipment by Sasol, and Sasol did not exercise control or have the right to exercise control over the plaintiff's day to day activities.

---

that have been sued herein, or Savage Transportation Management, Inc., are a common carrier, and thus, they are not subject to the FELA. (R. Doc. 1 at 2).

4

Where a company such as Sasol clearly delineates its operations between services provided within its plant on tracks owned by Sasol with work provided by the Savage Defendants, and services beyond its plant with work provided by KCS, a noted common carrier, there can be no reasonable possibility that Plaintiff would be able to meet his burden of proving the Savage Defendants are a common carrier for purposes of FELA. *See Rabb v. E. Camden & Highland R. Co.*, 2009 WL 960105 (W.D. La. Apr. 8, 2009) (finding that Defendant East Camden was not a common carrier for purposes of FELA). In *Rabb*, the court relied on facts similar to those represented here by way of affidavit, including findings that there was no ownership or contractual relationship with another railroad such that it could be deemed to hold itself out to the public as a common carrier. *Id*. at 5. That the plaintiff switched cars from storage and delivered cars to an interchange adjacent to Kansas City Southern Railway did not alter the court's conclusion. *Id. See also Willard v. Fairfield Southern Co., Inc.*, 472 F.3d 817, 822 (8th Cir. 2006) (affirming summary judgment finding that intra-plant rail operations are not those of a common carrier); *Kieronski v. Wyandotte Terminal R. Co.*, 806 F.2d 107, 109 (6th Cir. 1986) (affirming sua sponte dismissal on basis that in-plant rail facilities are not common carriers).

Even viewing the evidence and allegations in the light most favorable to Plaintiff, there is no possibility that Plaintiff would be able to establish the threshold inquiries of employment and common carrier status for purposes of liability under FELA. Thus, the Court finds those claims improperly joined and therefore recommends that Plaintiff's Motion to Remand be denied, and this action maintained in federal court pursuant to general claims of negligence under diversity jurisdiction.

**III.    Conclusion**

Based on the foregoing,

**IT IS RECOMMENDED** that the Motion to Remand (R. Doc. 13) filed by Plaintiff, Johnnie Hardy, Jr., be **DENIED**.

Signed in Baton Rouge, Louisiana, on March 26, 2021.

                      **RICHARD L. BOURGEOIS, JR.**
                      **UNITED STATES MAGISTRATE JUDGE**