UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| JOHNNIE HARDY, JR., §<br>   *Plaintiff* §<br>§<br>vs. §<br>§<br>SAVAGE SERVICES CORPORATION; §<br>SAVAGE INDUSTRIAL RAIL §<br>SERVICES, INC.; SASOL §<br>CHEMICALS (USA) LLC; and ABC §<br>INSURANCE COMPANIES 1 – 3 §<br>   *Defendants* § | Civil Action No. 3:20-cv-565-JWD-RLB |

## MOTION FOR SUMMARY JUDGMENT BY DEFENDANTS, SAVAGE SERVICES CORPORATION AND SAVAGE INDUSTRIAL RAIL SERVICES, INC.

TO THE HONORABLE UNITED STATES DISTRICT COURT:

SAVAGE SERVICES CORPORATION and SAVAGE INDUSTRIAL RAIL SERVICES, INC. (the "Savage Defendants") move for summary judgment as to all claims against the Savage Defendants by Johnnie Hardy, Jr. ("Plaintiff"), pursuant to Rule 56 of the Federal Rules of Civil Procedure and Local Rule 56 of the United States District Court for the Middle District of Louisiana.

No fact issue exists, and there is no genuine issue of material fact to be tried. Plaintiff sued the wrong Savage entities. The Savage Defendants were not the employer of Plaintiff. The Savage Defendants owed no duty to Plaintiff. They had nothing to do with the plant where this accident happened.

Regardless, no Savage entity was a common carrier employer of Plaintiff for purposes of liability under the Federal Employer's Liability Act ("FELA"). Plaintiff contended that the Savage

1

Defendants were "a common carrier by railroad under FELA," and alleged that Plaintiff was "working within the scope of his duties as a switchman for Defendant Savage Services Corporation and/or Savage Industrial Rail Service, Inc.," and that "Savage caused Plaintiff's injuries by violating FELA and related laws enacted for the safety of railroad workers . . . Savage is liable to Plaintiff for failing to provide Plaintiff a safe place to work in violation of the Federal Employer's Liability Act . . ."  However, in denying Plaintiff's Motion to Remand, this Court already found "there is no possibility that Plaintiff would be able to establish the threshold inquiries of employment and common carrier status for purposes of liability under FELA . . . the common carrier analysis herein will apply to any Savage entity that is found to have employed the Plaintiff for purposes of FELA."  [R. Doc. 26, pg. 5, fn. 2; and Doc. 28].  Because no Savage entity is a common carrier for purposes of FELA, Plaintiff cannot sue his employer under FELA.  He is not entitled to sue his employer in tort because of the exclusive remedy provisions in the Louisiana Workers Compensation Act.  *Nielsen v. Graphic Packaging International, Inc., et al*, 469 Fed. App'x 305. 307 (2012); La. Rev. Stat. § 23:1032, "an employee injured in an accident while in the course and scope of his employment is generally limited to the recovery of workers compensation benefits as his exclusive remedy."  *St. Angelo v. United Scaffolding, Inc./X-Serv., Inc.*, 40 So.3d 365, 368 (La. Ct. App. 2010), all writs den'd, 45 So.3d 1082 (2010). As to the non-employer Savage entities, they had nothing to do with the plant where the accident happened.  They had nothing to do with Plaintiff or Plaintiff's accident.  They owed no duty to Plaintiff, so they could not breach any such duty.

    A Memorandum of Authorities, including a Statement of Material Facts, is provided in support of the granting of this Motion for Summary Judgment for the Savage Defendants and any Savage entity.

Dated: August 13, 2021.

        Respectfully submitted,

        LUGENBUHL, WHEATON, PECK, RANKIN & HUBBARD, A LAW CORPORATION

By:  */s/ Todd G. Crawford*
     Todd G. Crawford – LSB #20150
     Pan-American Life Center
     601 Poydras Street, Suite 2775
     New Orleans, Louisiana 70130
     PH:  (504) 568-1990
     FAX: (504) 310-9195
     tcrawford@lawla.com

     Michael W. McCoy – TSB #13471850
     801 Travis Street, Suite 1800
     Houston, Texas 77002
     PH:  (713) 222-1990
     FAX: (713) 222-1996
     mmccoy@lawla.com

COUNSEL FOR SAVAGE SERVICES CORPORATION AND SAVAGE INDUSTRIAL RAIL SERVICES, INC.

## CERTIFICATE OF SERVICE

I HERBY CERTIFY that a copy of the foregoing has been forwarded to all known counsel of record by CM/ECF.

New Orleans, Louisiana this 13th day of August, 2021.

        */s/ Todd G. Crawford*
        Todd G. Crawford