UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| JOHNNIE HARDY, JR., §<br>*Plaintiff* §<br>§<br>vs. §<br>§<br>SAVAGE SERVICES CORPORATION; §<br>SAVAGE INDUSTRIAL RAIL §<br>SERVICES, INC.; SASOL §<br>CHEMICALS (USA) LLC; and ABC §<br>INSURANCE COMPANIES 1 – 3 §<br>*Defendants* § | Civil Action No. 3:20-cv-565-JWD-RLB |

**MEMORANDUM OF AUTHORITIES IN SUPPORT OF
THE MOTION FOR SUMMARY JUDGMENT BY DEFENDANTS,
SAVAGE SERVICES CORPORATION AND
SAVAGE INDUSTRIAL RAIL SERVICES, INC.**

1

# TABLE OF CONTENTS

Table of Authorities ...................................................................................................................... 3

Memorandum ................................................................................................................................. 5

    I.    Summary of Arguments ................................................................................................ 5

    II.   Summary Judgment Standard ....................................................................................... 8

    III.  Summary Judgment Evidence ...................................................................................... 9

    IV.  The Savage Defendants Were Not Common Carriers, Nor Did They Employ Plaintiff .............. 10

    V.   There Has Not Been Asserted And Plaintiff Cannot Establish A Garden Variety Negligence
          Claim Against The Savage Defendants ....................................................................... 13

        A.   Duty, Breach, and Causation ................................................................................ 13

        B.   No Evidence of Negligence Claim Against Savage Defendants ......................... 16

    VI.  Conclusion .................................................................................................................. 17

## Cases

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986) .............. 8, 9
*Canal Bridge Co. v. Torco Oil Co.*, 220 F.3d 370, 375 (5th Cir. 2000) ....................................................... 14
*Celotex Corporation v. Catrett*, 477 U.S. 316, 323, 106 S. Ct. 2548, 2552, 91 L. Ed. 2d 265 (1986) ......... 8
*Clark v. Hooper*, 2012 WL 3637475 (W.D. La., Aug. 22, 2012) ................................................................ 14
*Consol. Aluminum Corp. v. C.F. Bean Corp.*, 833 F.2d 65, 69 (5th Cir. 1987) .......................................... 14
*Davis v. Witt*, 851 So.2d 1119, 1126-27 (La. 2003) ............................................................................ 14, 15
*Dillon v. Rogers*, 596 F.3d 260, 266 (5th Cir. 2010) ................................................................................... 9
*Donaghey v. Ocean Drilling & Expl. Co.*, 974 F.2d 646, 649 (5th Cir. 1992) ........................................... 14
*Evans v. McKinney Marine Inc., et al*, 127 F.3d 34 (5th Cir. 1997) .......................................................... 14
*Florida Fuels, Inc. v. Citgo Petroleum Corp., et al*, 6 F.3d 330, 333 (5th Cir. 1993) ................................ 15
*Hicks v. BP Exploration and Production, Inc.*, 308 F. Supp. 3d 878, 882 (E.D. La., April 5, 2018) ........... 9
*In Re Great Lakes Dredge & Dock Co., LLC*, 624 F.3d 201, 211 (5th Cir. 2010) ..................................... 14
*In Re: Cooper/T. Smith*, 929 F.2d 1072, 1077 (5th Cir. 1991) .................................................................. 14
*Kinch v. Our Lady of Lourdes Regional Medical Center, et al*, 181 So.3d 900, 903 (La. 2015) ............... 15
*Laughlin v. Falcon Operators, Inc., et al*, 166 F. Supp. 2d 501, 504 (E.D. La. 2001) .............................. 15
*Lee v. Offshore Logistical and Transportation, LLC*, 859 F. 3d 353, 355 (5th Cir. 2017) ........................... 9
*Little v. Liquid Air Corporation*, 37 F.3d 1069, 1075 (5th Cir. 1994) ......................................................... 9
*Matsushita Electrical Industries Company v. Zenith Radio*, 475 U.S. 574, 587, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986) ............................................................................................................................. 8, 9
*McFaul v. Valenzuela*, 684 F.3d 564, 571 (5th Cir. 2012) ........................................................................... 9
*Moranto v. Good Year Tire and Rubber Co.*, 650 So.2d 757, 759 (La. 1995) ........................................... 15
*Nielsen v. Graphic Packaging International, Inc., et al*, 469 Fed. App'x 305, 307 (2012); La. Rev. Stat. § 23:1032 ............................................................................................................................................... 12
*Rabb v. E. Camden & Highland R. Co.*, 2009 WL 960105 (W.D. La. April 18, 2009) ............................. 11
*Roberts v. Benoit*, 605 So.2d 1032, 1043 (La. 1991) ................................................................................ 15
*Robertson v. Monsanto Company*, 2009 WL 1789394 (E.D. La., June 23, 2009) .................................... 15
*Rose Crewboat Services, Inc. v. Wood Resources, LLC*, 425 F. Supp. 3d 668, 675-76 (E.D. La. 2019) ... 14
*Schultz v. Guoth*, 57 So.3d 1002 (La. 2011) ............................................................................................. 15
*SEC v. Recibe*, 10 F.3d 1093, 1097 (5th Cir. 1993) .................................................................................... 9
*Simmons v. CTL Distribution, et al*, 868 So.2d 918, 924 (La. 2004) .................................................. 14, 15
*St. Angelo v. United Scaffolding, Inc./X-Serv., Inc.*, 40 So.3d 365, 368 (La. Ct. App. 2010) .................... 12
*TIG Insurance Company v. Sedgwick James Washington*, 276 F.3d 754, 759 (5th Cir. 2002) ................ 8, 9
*U.S. v. Nature's Way Marine, L.L.C.*, 904 F.3d 416, 419 (5th Cir. 2018) .................................................... 8
*Wiltz v. Bayer Cropscience, L.P.*, 594 F.3d 690, 698 (5th Cir. 2011) ........................................................ 14

## Statutes

Federal Employer's Liability Act ("FELA") 45 U.S.C. § 51, et seq. ................................................... passim
La. Rev. Stat. § 23:1032…………………………………………………………………...………passim

## Rules

Federal Rule of Civil Procedure 50(a) ........................................................................................................ 8
Federal Rule of Civil Procedure 56 ........................................................................................................ 5, 8
Federal Rule of Civil Procedure 56(a) ........................................................................................................ 8

3

Federal Rule of Civil Procedure 56(c) ................................................................................................ 8
Local Rule 56 of United States District Court for the Middle District of Louisiana .................... 5

Treatises

*11 Moore's Federal Practice* – Civil Section 56.91 (2017) .......................................................... 9

**MEMORANDUM OF AUTHORITIES IN SUPPORT OF
THE MOTION FOR SUMMARY JUDGMENT BY DEFENDANTS,
SAVAGE SERVICES CORPORATION AND
SAVAGE INDUSTRIAL RAIL SERVICES, INC.**

TO THE HONORABLE UNITED STATES DISTRICT COURT:

Defendants, SAVAGE SERVICES CORPORATION and SAVAGE INDUSTRIAL RAIL SERVICES, INC. (the "Savage Defendants"), present this Memorandum of Authorities in Support of their Motion for Summary Judgment, pursuant to Federal Rule of Civil Procedure 56 and Local Rule 56 of United States District Court for the Middle District of Louisiana.

**I.  SUMMARY OF ARGUMENTS**

The Savage Defendants did not employ the Plaintiff. He was actually employed by Savage Transportation Management, Inc. Furthermore, neither Savage Transportation Management, Inc., nor any other Savage entity was a common carrier for the purposes of liability under the Federal Employer's Liability Act ("FELA") 45 U.S.C. § 51, et seq. Accordingly, since Plaintiff contends that the Savage Defendants and some Savage entity was an employer of Plaintiff, Plaintiff is relegated and limited to the recovery of workers compensation benefits as his exclusive remedy; he may not sue the Savage Defendants or any Savage entity because he simply is not covered by FELA. No fact issue exists, and there is no genuine issue of material fact to be tried. Plaintiff sued the wrong Savage entities, and his correct employer is not a common carrier within the meaning of FELA.

To assist the Court, the Savage Defendants summarize the procedural history of this case:

5

1. Suit was filed August 4, 2020, in the 19th Judicial District Court for the Parish of East Baton Rouge in the State of Louisiana, Docket No. C-698547, Division 22 [R. Doc. 1-1; 1-3].[1]

2. The case was jointly removed to this Court by the Savage Defendants and Sasol Chemicals (USA) LLC ("Sasol") on August 31, 2020 [R. Doc. 1].

3. The Savage Defendants filed a Motion for Summary Judgment on September 4, 2020, contending that since they were not Plaintiff's employer, they could not be his FELA employer. [R. Doc. 2].

4. The Motion for Summary Judgment was denied by this Court, but without prejudice, on September 25, 2020. This Court determined that it was a premature Motion at that time. [R. Doc. 8].

5. Plaintiff filed a Motion to Remand this case to state court on September 30, 2020. [R. Doc. 13].

6. The Savage Defendants answered in this Court on October 2, 2020 [R. Doc. 14]. The Savage Defendants admitted Plaintiff was employed by a Savage entity but denied he was employed by the named Savage Defendants.

7. On October 21, 2020, the Savage Defendants and Sasol filed a Joint Response to the Motion to Remand, contending the Savage Defendants and any Savage entity were not a common carrier by railroad, and thus, not a FELA employer, and the FELA claim was improperly joined so the case

---

[1] Plaintiff originally filed suit in Harris County (Houston) Texas, on May 21, 2020. The Savage Defendants objected to personal jurisdiction in Texas, and Plaintiff chose to non-suit the Texas action on July 21st, 2020, the morning the Special Appearance was set to be heard by the Court.

6

could be properly removed to federal court since there was complete diversity and more than $75,000 in controversy. [R. Doc. 18].

8. This Court found that the Savage Defendants were not common carrier employers for purposes of liability under FELA; they were not common carriers by railroad, and Plaintiff's Motion to Remand was denied [R. Doc. 26 and Doc. 28].

9. The deadline for factual discovery in this case elapsed on August 6, 2021 [R. Doc. 20, Item 3].

10. By letters dated April 14, 2021 and May 25, 2021,[2] counsel for the Savage Defendants invited Plaintiff to conduct any discovery he desired on these issues, including written discovery or a corporate deposition. No such discovery was ever scheduled.[3]

11. On Friday, August 6th, counsel for Plaintiff requested an extension of the discovery deadline; counsel for Savage objected to this request because Plaintiff had not diligently pursued discovery – not even after counsel for Savage prompted him to pursue such discovery by letters dated April 14th, 2021 and May 25, 2021.

Since no Savage entity is a common carrier by railroad, it naturally follows that no Savage entity could be a FELA employer of Plaintiff. Thus, there is no FELA claim against the Savage Defendants or Savage Transportation Management, Inc., the true employer of Plaintiff. Plaintiff's

---

[2] See letters attached *en globo* as Exhibit D.

[3] On the very last day of the discovery deadline, counsel for the Plaintiff announced he wanted to extend discovery. Given the four (4) months after remand was denied and the fact that Plaintiff's counsel did absolutely nothing to advance the case despite counsel for the Savage Defendants inviting such discovery back in April and May, counsel for the Savage Defendants understandably was not willing to extend the discovery deadline. Plaintiff filed a Motion to Extend, which is opposed by the Savage Defendants.

7

only remedy lies in Louisiana Workers Compensation benefits; his suit against his employer is barred by the exclusive remedy provisions of the Act. There is no genuine issue to be tried against the Savage Defendants, or Savage Transportation Management, Inc., and this Motion for Summary Judgment must be granted.[4]

## II. SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *U.S. v. Nature's Way Marine, L.L.C.*, 904 F.3d 416, 419 (5th Cir. 2018); Federal Rule of Civil Procedure 56(a). Federal Rule of Civil Procedure 56(c) provides that summary judgment is to be rendered if there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. "By its very terms, this standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986). The standard for granting summary judgment is essentially the same as the standard for a directed verdict under Federal Rule of Civil Procedure 50(a). *Anderson v. Liberty Lobby*, at 250; *Celotex Corporation v. Catrett*, 477 U.S. 316, 323, 106 S. Ct. 2548, 2552, 91 L. Ed. 2d 265 (1986).

Once the moving party has initially shown "that there is an absence of evidence to support the non-moving party's cause, the non-movant must come forward with specific facts showing a genuine factual issue for trial." *Id.*, at 325. *Matsushita Electrical Industries Company v. Zenith Radio*, 475 U.S. 574, 587, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986); *TIG Insurance Company v. Sedgwick James Washington*, 276 F.3d 754, 759 (5th Cir. 2002). "Conclusional allegations and

---

[4] This Motion for Summary Judgment is no longer premature; factual discovery has closed.

8

denials, speculation, probable inferences, unsubstantiated assertions, and legalistic argumentation do not adequately substitute for specific facts showing a genuine issue for trial." *Id.*, at 325. *TIG Insurance Company v. Sedgwick James Washington*, at 759; *SEC v. Recibe*, 10 F.3d 1093, 1097 (5th Cir. 1993). A genuine dispute as to a material fact exists "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Anderson v. Liberty Lobby*, at 248; *McFaul v. Valenzuela*, 684 F.3d 564, 571 (5th Cir. 2012) (quoting *Dillon v. Rogers*, 596 F.3d 260, 266 (5th Cir. 2010)). But "summary judgment may not be thwarted by conclusional allegations, unsupported assertions, or presentation of only a scintilla of evidence. *Id.*

Once the party seeking summary judgment carries its initial burden, the non-moving party must come forward with specific facts showing that there is a genuine dispute of material fact for trial. *Matsushita Electrical Industries Company v. Zenith*, at 587. The showing of the genuine issue of material fact is not satisfied by creating "some metaphysical doubt as to the material facts, by conclusory allegations or unsubstantiated assertions, or by only a scintilla of evidence." *Hicks v. BP Exploration and Production, Inc.*, 308 F. Supp. 3d 878, 882 (E.D. La., April 5, 2018) (quoting from *Little v. Liquid Air Corporation*, 37 F.3d 1069, 1075 (5th Cir. 1994)). "Although the substance or content of the evidence to support or dispute a fact on summary judgment must be admissible, the material may be presented in a form that would not, in itself, be admissible at trial." *Hicks v. BP*, at 882, quoting from *Lee v. Offshore Logistical and Transportation, LLC*, 859 F. 3d 353, 355 (5th Cir. 2017), also quoting from *11 Moore's Federal Practice* – Civil Section 56.91 (2017).

### III.   SUMMARY JUDGMENT EVIDENCE

The Savage Defendants rely upon:

Exhibit A    Declaration of Edward Lee;

       Exhibit B       Deposition Testimony of Johnnie Hardy, Jr., March 31, 2021;

       Exhibit C       Documents 000020-000022 produced by Plaintiff; and

       Exhibit D       Letters dated April 14, 2021 and May 25, 2021 advising counsel of our intent to file the subject Motion for Summary Judgment and inviting him to conduct discovery.

The Declaration of Edward Lee[5] shows that Plaintiff was an employee of Savage Transportation Management, Inc., and that the Savage Defendants, including any other Savage entity, were not a FELA employer or a common carrier by railroad. Instead, Savage maintained a private contract with Sasol to move railcars solely in Sasol's plant and did not move railcars on any tracks owned by common carriers.

The Savage Defendants also rely on the deposition testimony of Johnnie Hardy, Jr.,[6] taken March 31, 2021. Further, the Savage Defendants rely upon documents produced by Plaintiff, Bates labeled 000020-000022.[7] These documents, along with Plaintiff's testimony, further show that Savage Transportation Management, Inc. was the true employer of Plaintiff.

## IV. THE SAVAGE DEFENDANTS WERE NOT COMMON CARRIERS, NOR DID THEY EMPLOY PLAINTIFF

This Court has already found the Savage Defendants were not FELA employers of Plaintiff [R. Doc. 26 and Doc. 28]. Specifically, this Court found that no Savage entity is a common carrier by railroad. "[T]here is no possibility that Plaintiff would be able to establish the threshold inquiries of employment and common carrier status for purposes of liability under FELA . . . the common carrier analysis herein will apply to any Savage entity that is found to have employed the Plaintiff for purposes of FELA." [R. Doc. 26, pg. 5, fn. 2; and Doc. 28]. Because no Savage entity

---

[5] Exhibit A
[6] Exhibit B
[7] Exhibit C, *en globo*

is a common carrier, there is no FELA claim against any Savage entity, including the Savage Defendants and Savage Transportation Management, Inc.

As noted by this Court, this case is remarkably similar to *Rabb v. E. Camden & Highland R. Co.*, 2009 WL 960105 (W.D. La. April 18, 2009), which found that Defendant East Camden was not a common carrier for purposes of FELA. Specifically, *Rabb* held that East Camden did not own or contract with another railroad and thus, did not hold itself out to the public as a common carrier. Here, no Savage entity owned or contracted with KCS or any other public railroad. Instead, Savage only moved railcars within Sasol's plant on Sasol's tracks. There was and has been no evidence that Savage ever moved railcars out of Sasol's plant or on KCS tracks [R. Doc. 26, pg. 4; and Exhibit A, the Declaration of Edward Lee, attached hereto].

Further, Exhibit A, the Declaration of Edward Lee, shows that the Savage Defendants did not employ Plaintiff. Instead, Savage Transportation Management, Inc., was the true employer of Plaintiff. See also, Exhibit B, Deposition of Johnnie Hardy, Jr., March 31, 2021, pgs. 103-104, ln. 25 and lns. 1-10; and Exhibit C, documents produced by Plaintiff, 000020-000022, demonstrating that Savage Transportation Management, Inc., was the true employer of Plaintiff.

Finally, and again to emphasize, this Court made clear in the denial of Plaintiff's Motion to Remand that neither the Savage Defendants nor Savage Transportation Management, Inc., nor any other Savage entity were common carriers for purposes of FELA, and were not common carriers by railroad at all. [R. Doc. 26, pg. 5, fn. 2; and Doc. 28].[8]

---

[8] Plaintiff acknowledged he had no information to the contrary in his deposition:

>  Q:  . . . Same questions related to Savage and Sasol with the Sasol plant, do you know who owned the tracks?
>  A:  No. I don't know who owned the tracks.
>  Q:  Do you know who owned the cars?
>  A:  No. I don't know that either.
>  Q:  Do you know who owned the equipment that was used to move the cars?
>  A:  The trackmobile?

11

Thus, there is no FELA claim against the Savage Defendants or Savage Transportation Management, Inc. The Savage Defendants did not employ the Plaintiff, but even if they were somehow deemed his employer, they are not common carriers. Savage Transportation Management, Inc., was Plaintiff's employer, but it also was not a common carrier. It naturally follows that no Savage entity could qualify as a FELA employer. Therefore, neither the Savage Defendants nor Savage Transportation Management, Inc., nor any other Savage entity can be sued in tort because of the exclusive remedy provisions in the Louisiana Workers Compensation Act La. Rev. Stat. § 23:1032. *Nielsen v. Graphic Packaging International, Inc., et al*, 469 Fed. App'x 305, 307 (2012); La. Rev. Stat. § 23:1032, "an employee injured in an accident while in the course and scope of his employment is generally limited to the recovery of workers compensation benefits as his exclusive remedy." *St. Angelo v. United Scaffolding, Inc./X-Serv., Inc.*, 40 So.3d 365, 368 (La. Ct. App. 2010), all writs den'd, 45 So.3d 1082 (2010).

The Savage Defendants gave the Plaintiff every opportunity to conduct factual discovery on both the true employer of Plaintiff, and whether they could somehow make a case that Savage

---

| | |
|---|---|
| Q: | The trackmobile or other equipment? I don't know all the equipment. |
| A: | I don't – honestly don't know who owned the trackmobile. |
| Q: | Okay. |
| A: | But the trains – |
| Q: | Okay. |
| A: | - they had Savage name on the side of the trains, but on the trackmobile, they didn't have Savage name on the side of it. |
| Q: | So on the – when you say the trains, what do you mean? |
| A: | They have – |
| Q: | Like the locomotive? |
| A: | The engines, the locomotives. |
| Q: | And those – I'm going to call them the Savage locomotives. |
| A: | Okay. |
| Q: | So we – we know what we're talking about. The Savage locomotives, did they just work within the plant? |
| A: | That I know of. |
| Q: | Okay. Did you ever see them work anywhere other than the plant? |
| A: | No. |

Deposition Testimony of Johnnie Hardy, Jr., March 31, 2021, pg. 71, lns. 11-25 and pg. 72, lns. 1-21.

12

Transportation Management, Inc., is a common carrier employer for purposes of liability under FELA, and a common carrier by railroad. (See letters attached *en globo* as Exhibit "D"). However, Plaintiff's counsel never conducted any factual discovery. There is no evidence to contradict this Court's previous conclusion that no Savage entity was a common carrier. Further, since factual discovery has closed, no fact issue could ever arise with respect to a FELA employer claim against a Savage entity; therefore, there is no genuine issue to be tried against the Savage Defendants or any Savage entity, because of the Louisiana Workers Compensation Act bar.

**V.     THERE HAS NOT BEEN ASSERTED AND PLAINTIFF CANNOT ESTABLISH A GARDEN VARIETY NEGLIGENCE CLAIM AGAINST THE SAVAGE DEFENDANTS**

**A.     Duty, Breach, and Causation**

In the Complaint, Plaintiff alleges the Savage Defendants were his employer. He also alleges the Savage Defendants were common carriers under FELA, and he asserted only a cause of action under FELA. As noted, the Savage Defendants did not employ the Plaintiff. Even if they could somehow be deemed his employer, however, this Court has already found ". . . there is no possibility that Plaintiff would be able to establish the threshold inquiries of employment and common carrier status for purposes of liability under FELA . . ." Accordingly, Plaintiff cannot prevail under any theory of liability that is actually asserted in the Complaint.

To the extent that Plaintiff attempts to pursue any other tort theory against Savage Defendants for negligence, the Savage Defendants show that they did not owe Plaintiff a duty. If the Court ignores the Plaintiff's allegations and recognizes the reality that neither of the Savage Defendants were the employer of Plaintiff, his unasserted, unpled potential claims may not be barred by the exclusivity provisions of the worker's compensation act because there would be no

13

employer/employee relationship. But in the absence of an employment relationship, the Savage Defendants owed Plaintiff no duty.

In Louisiana, the test for determining negligence is based on a four-prong analysis:

1. Do the Defendants owe a duty to the Plaintiff;

2. Was that duty breached;

3. Did such breach cause injuries that occurred; and

4. Was the risk and harm caused within the scope of protection afforded by the duty breached.

*Simmons v. CTL Distribution, et al*, 868 So.2d 918, 924 (La. 2004). See also, *Davis v. Witt*, 851 So.2d 1119, 1126-27 (La. 2003). See also, *Rose Crewboat Services, Inc. v. Wood Resources, LLC*, 425 F. Supp. 3d 668, 675-76 (E.D. La. 2019), citing *Canal Bridge Co. v. Torco Oil Co.*, 220 F.3d 370, 375 (5th Cir. 2000) (quoting *In Re: Cooper/T. Smith*, 929 F.2d 1072, 1077 (5th Cir. 1991). The defendant's negligence must be the legal cause of the injury. *Evans v. McKinney Marine Inc., et al*, 127 F.3d 34 (5th Cir. 1997); *Rose Crewboat*, at 676; *Donaghey v. Ocean Drilling & Expl. Co.*, 974 F.2d 646, 649 (5th Cir. 1992). See also, *Wiltz v. Bayer Cropscience, L.P.*, 594 F.3d 690, 698 (5th Cir. 2011); and *Clark v. Hooper*, 2012 WL 3637475 (W.D. La., Aug. 22, 2012). Foreseeability of the harm suffered by the plaintiff must exist or no cause of action for negligence can exist. *Rose Crewboat*, at 676; *In Re Great Lakes Dredge & Dock Co., LLC*, 624 F.3d 201, 211 (5th Cir. 2010) quoting *Consol. Aluminum Corp. v. C.F. Bean Corp.*, 833 F.2d 65, 69 (5th Cir. 1987).

In order for the Plaintiff to make out a case of negligence, there must be proof of the following:

1. That the Defendant had a duty to conform his or her conduct to a specific standard of care (the duty element);

      2.      That the Defendant failed to conform his or her conduct to the appropriate standard (the breach of duty element);

      3.      That the Defendant's substandard conduct was a cause in fact of the Plaintiff's injuries (the cause and fact element);

      4.      That the Defendant's substandard conduct was a legal cause of the Plaintiff's injuries (the scope of liability or scope of protection element); and

      5.      The actual damages (the damages element).

*Simmons v. CTL,* at 924; *Davis v. Witt*, at 1126-27.

Essentially, the plaintiff must prove by a preponderance of the evidence that there was a standard of care applicable to the defendant; that the defendant breached that standard of care; and that there is a causal connection between the breach and the resulting injury. *Kinch v. Our Lady of Lourdes Regional Medical Center, et al*, 181 So.3d 900, 903 (La. 2015). See also, *Schultz v. Guoth*, 57 So.3d 1002 (La. 2011).

Whether a defendant owes a duty is a question of law. *Laughlin v. Falcon Operators, Inc., et al*, 166 F. Supp. 2d 501, 504 (E.D. La. 2001). See also, *Florida Fuels, Inc. v. Citgo Petroleum Corp., et al*, 6 F.3d 330, 333 (5th Cir. 1993). To answer the duty question as a legal inquiry requires that the plaintiff have law to support his claim. That question must be answered in the affirmative, or summary judgment must be granted for the defendant. *Simmons v. CTL*, at 924-25. The particular risk must fall within the scope of the duty that is owed, and the plaintiff bears the burden of proving a causal relationship between the injuries sustained and the accident which allegedly caused the injuries. *Id.*; see also, *Roberts v. Benoit*, 605 So.2d 1032, 1043 (La. 1991). See also, *Robertson v. Monsanto Company*, 2009 WL 1789394 (E.D. La., June 23, 2009) (quoting from *Moranto v. Good Year Tire and Rubber Co.*, 650 So.2d 757, 759 (La. 1995)).

15

### B. No Evidence of Negligence Claim Against the Savage Defendants

Exhibit A, the Declaration of Edward Lee, makes clear that the Savage Defendants did not employ Plaintiff; nor did they have any connection to the alleged incident made the basis of this suit. In fact, Lee's Declaration explicitly provides, "Sasol contracted with Savage Transportation Management. The other Savage entities have no connection to the Sasol plant or to Johnnie Hardy, Jr., and should be dismissed."[9]

There is no evidence to suggest the Savage Defendants had anything to do with the Sasol plant at all. Since the Savage Defendants had no connection to the Sasol Plant, they could not possibly owe a duty to Plaintiff as to his work at the Sasol Plant. The Savage Defendants were not responsible for any maintenance or installation and oversight of the equipment connected with the wash rack at the Sasol plant. Plaintiff had every opportunity to establish evidence of a legal duty, foreseeability, and causation, but has failed to do so. In fact, other than to allege a claim under FELA, Plaintiff has not identified <u>any</u> duty owed to him by the Savage Defendants. To the extent that the Savage Defendants are not considered his employer, Plaintiff could theoretically pursue a claim for garden variety negligence. The problem is the Savage Defendants have no relationship whatsoever to the Plaintiff or the Sasol Plant as discussed above. In the absence of a duty, there can be no breach of that duty, and therefore, no tort liability. Plaintiff has not and cannot establish that the Savage Defendants owed him a duty. Indeed, he alleges he was employed by the Savage Defendants, but the summary judgment evidence demonstrates otherwise. In sum, Plaintiff has not alleged a garden variety negligence claim against the Savage Defendants, and there is no possibility of a such a cause of action against the Savage Defendants because they are not connected to the Sasol plant, Plaintiff's employment or his accident.

---

[9] Exhibit A, Declaration of Edward Lee, pg. 2, par. 4.

## VI. CONCLUSION

Savage Services Corporation, Savage Industrial Rail Services, Inc., and any Savage entity, including Savage Transportation Management, Inc., the true employer of Plaintiff, have shown that there is no fact issue to be decided. No Savage entity was a FELA employer. No Savage entity was a common carrier by railroad. The Savage Defendants owed no duty to Plaintiff because they had nothing to do with the Sasol plant. Summary judgment must be granted for the Savage Defendants, Savage Transportation Management, Inc., and on behalf of any Savage entity.

Dated: August 12, 2021.

Respectfully submitted,

LUGENBUHL, WHEATON, PECK, RANKIN &
    HUBBARD, A LAW CORPORATION

By: */s/ Todd G. Crawford*
    Todd G. Crawford – LSB #20150
    Pan-American Life Center
    601 Poydras Street, Suite 2775
    New Orleans, Louisiana 70130
    PH:   (504) 568-1990
    FAX:  (504) 310-9195
    tcrawford@lawla.com

    Michael W. McCoy – TSB #13471850
    801 Travis Street, Suite 1800
    Houston, Texas 77002
    PH:   (713) 222-1990
    FAX:  (713) 222-1996
    mmccoy@lawla.com

COUNSEL FOR SAVAGE SERVICES
CORPORATION AND SAVAGE INDUSTRIAL
RAIL SERVICES, INC.

## **CERTIFICATE OF SERVICE**

I HERBY CERTIFY that a copy of the foregoing has been forwarded to all known counsel of record by CM/ECF.

New Orleans, Louisiana this 12th day of August, 2021.

                                              */s/ Todd G. Crawford*
                                              Todd G. Crawford