UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF LOUISIANA

Johnnie Hardy, Jr.                          *
    *Plaintiff,*                          *
                                        *
vs.                                         *    Civil Action No. 3:20-CV-00565-
                                        *    JWD-RLB
Savage Services Corporation;                *
Savage Industrial Rail Services, Inc.;      *
Sasol Chemicals (USA) LLC; and              *
ABC Insurance Companies 1-3                 *
    *Defendants.*                        *

## SASOL CHEMICAL (USA) LLC'S REPLY MEMORANDUM IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT

MAY IT PLEASE THE COURT:

Defendant Sasol Chemical (USA) LLC ("Sasol") submits this Reply Memorandum in support of its Motion for Summary Judgment and respectfully asserts that Plaintiff's claims against Sasol should be dismissed because:

(1)  Plaintiff's Response offered no proof of negligence against Sasol;

(2)  Plaintiff's Response offered no evidence of notice of issues, or control over the instrumentalities involved in the incident. LA Civ Code 2317.1 (2017) insulates Sasol from liability because Sasol did not know nor should it have known of the alleged transient failure of a gasket in the filter pump operated and maintained by Plaintiff's employer and because Sasol did not have custody of the equipment.

In summary, there is no genuine issue on any material fact and a summary judgment should be granted as a matter of law.

## I.     Plaintiff Cites No Competent Evidence to Defeat Summary Judgment

Hardy was allowed to depose a corporate representative from Sasol in hopes of raising a fact issue. Hardy's Response provides nothing from the deposition that raises a fact issue. The deposition of the Sasol representative serves only to reinforce the fact that the wash rack operation was controlled by Savage, and Sasol was not involved in day to day operations or maintenance.

Plaintiff begins his response by contending that summary judgment should be denied based on three contentions:

1) Sasol had custody of the defective filter tank because it either owned or leased it, oversaw and directed its use, and had power to change or control how it was used.

2) Sasol was aware of the defect in the tank because it had received reports that the tank leaked, and therefore Sasol at the very least should have known that a dangerous condition existed in the tank.

3) Sasol failed to ensure the tank functioned properly or to cure the known defect and is therefore liable for the damages incurred by Plaintiff.

Sasol will address each of these contentions separately.

### A.    That Sasol had custody of the defective filter tank because it either owned or leased it, oversaw and directed its use, and had power to change or control how it was used.

The only evidence Plaintiff supplies in support of the false contention that Sasol owned the filter tank is his own testimony: testimony that he admits is based on hearsay. The direct evidence Plaintiff provides is as follows:

> Q:    And I think you already told me, you don't know who owns that equipment, that is all the equipment that is part of the wash rack?

2

A:      It's Sasol.

Q:      Ok. Do you know that?

A:      That's the word, I mean, that's what they told us. **I'm just going about hearsay**: so –

Q:      Ok, yeah.  So if it turns out that Savage owned the wash rack and had leased it to Sasol, do you know if that's true or not?

A:      **I don't know**.[1]

This testimony is admittedly not based on personal knowledge and constitutes hearsay.  Further, the declarant is unidentified as well as the basis of the declarant's reported knowledge.  This does not amount to competent evidence to create a genuine issue of material fact and should be disregarded in its entirety.

Other than the Plaintiff's testimony referenced above, Plaintiff's Response provides absolutely no evidence that Sasol owned the equipment.  In fact, Richard Lee as corporate representative for Sasol, confirmed the wash rack is located outside the physical boundaries of the plant on land leased from a third party.[2]

As to control of the instrumentalities, Plaintiff's Response offers no evidence that Sasol oversaw or directed the use of any of the equipment or components of the wash rack. In fact, Sasol offered direct evidence to the contrary in its Memorandum in Support of Motion for Summary Judgment. Sasol had no responsibility for maintenance of the filter tank and its gaskets and was not aware of any problems with the tank or its gaskets before the

---

[1] See Exhibit B to Plaintiff's Memorandum Support of his Response, Page 178, Line 22-Page 179, Line 10.
[2] Exhibit D to Sasol's Memorandum at page 38, line 2-24.

accident.[3] Sasol had no role or responsibility with regard to the operation, inspections, or maintenance of the filter tank at the wash rack facility.[4] The filter tank involved was exclusively used and maintained by Savage Transportation employees related to their operations at the plant.[5]

Plaintiff supplies no evidence that Sasol had the power to change or control how the equipment was used. In fact, the evidence supplied with his Response, but not cited by Plaintiff, negates this contention.

Richard Lee, the corporate representative for Sasol, testified "We don't give Savage direction on how to wash the cars. Our contract is with Savage to wash the cars."[6] Mr. Lee also denied that the contract with Savage required any detail or any specificity as to how the cars were to be washed.[7] Sasol had no requirements as to how Savage performed their operations.[8] The means and manner to wash the cars was entirely up to Savage.[9]

Sasol does have an employee who serves as a coordinator between different contractors working in the same areas as the Plaintiff.[10] That employee had the right to talk with Savage if he had an issue with how they were performing their work.[11] He could also tell someone who was doing something unsafe to stop what they were doing, but he provided no direction as to what they were to do or how they were to do it.[12]

---

[3] Exhibit D to Sasol's Memorandum at page 67, line 10-page 69, line 6.
[4] Exhibit B to Sasol's Memorandum at ¶ 7.
[5] Exhibit B to Sasol's Memorandum at Paragraphs 5 and 7; and Exhibit C to Sasol's Memorandum at page 222, line 9-page 223, line 2.
[6] Exhibit C to Plaintiff's Response, Page 34, Lines 8-13.
[7] *Id* .
[8] *Id* at Page 47, Lines 4-6.
[9] *Id* at Page 47, Lines 13-16. See also Page 38, Lines 2-11.
[10] *Id* at Page 48, Lines 6-14.
[11] *Id* at Page 54, Lines 16-20.
[12] *Id* at Page 54, Lines 21-Page 55, Line 1.

In sum, Plaintiff supplied no evidence to support this contention, and failed to advise the Court of the direct and uncontroverted evidence that negates this contention.

**B.     That Sasol was aware of the defect in the tank because it had received reports that the tank leaked and therefore Sasol at the very least should have known that a dangerous condition existed in the tank.**

Plaintiff falsely claims in his Response that Sasol had knowledge of prior leakage with the filter tank.  The sole testimony Plaintiff offers to support this contention is his own.[13]  However, Plaintiff's testimony was that reports of prior leaks had been provided to Ed Lee.[14]  Ed Lee is the general manage for Savage Transportation Management, Inc.[15]  He is not a Sasol employee.[16]

The other testimony by Plaintiff about knowledge of leaks is "it was leaking, they knew about it."[17]  However, this testimony does not identify who "they" was.  Nor does he explain the basis of this claim.

That's it. That is the only evidence Plaintiff cited to support his contention that Sasol had knowledge of prior problems with leaks at the filter tank. Plaintiff cites no testimony from Sasol representative Richard Lee of any knowledge or reports from Savage of any issues with the filter tank or gasket involved in the incident.

In fact, the opposite is true. Prior to Plaintiff's incident, Savage Transportation made no reports to Sasol regarding any malfunctions or defects in the operation, inspections, or maintenance of the filter tank at the wash rack.[18]

---

[13] Exhibit B to Plaintiff's Response, Page 166, Line 5-15 and Page 241, Line 19.
[14] *id* at Page 166, Lines 5-15.
[15] See Exhibit A to Sasol's Memorandum in Support of Motion for Summary Judgment at ¶ 2.
[16] *Id.*
[17] See Exhibit B to Plaintiff's Response, Page 249, Lines 19-20.
[18] Exhibit B  to Sasol's Memorandum in Support of Motion for Summary Judgment at ¶ 6.

    **C.**    **That Sasol failed to ensure the tank functioned properly or to cure the known defect and is therefore liable for the damages incurred by Plaintiff.**

In an effort not to be repetitive, Sasol would incorporate the responses and references above that it exercised no direction or control over operations or had knowledge of any issues with the instrumentalities involved in the incident.

Plaintiff's Response offers no evidence in support of this contention.

**II.**    **Summary Judgment Standard**

A genuine issue of material fact only exists if "there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party. If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 249-50, 106 S. Ct. 2505, 91 L.Ed.2d 202 (1986).

The burden of proof is initially on the moving party but once that is carried, it shifts to the non-moving party to establish the existence of a specific issue as to a material fact that warrants a trial on the merits. *Guillory v. PPG Industries, Inc.*, 434 F.3d 303, 309 (5th Cir. 2005). In so doing, the non-moving party cannot rely on mere allegations, unsubstantiated assertions, or speculation. *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007). Instead, the non-movant must go beyond the pleadings and designate specific facts with competent evidence showing a genuine issue. *Little v. Liquid Air Corp*., 37 F.3d 1069, 1075 (5th Cir. 1994).

Plaintiff has failed to bring forth competent evidence demonstrating a genuine issue of material fact.

### III.  Conclusion

Neither the facts nor law support a legal duty for Sasol to maintain or repair the filter tank involved in the alleged injury.  Nor is there evidence Sasol was aware of any defect.  Savage Transportation had control of the wash rack operation.  The filter tank is still in use albeit with a new gasket.  Plaintiff's negligence claims against Sasol should be dismissed summarily under Rule 56 of the Federal Rules of Civil Procedure.

Respectfully submitted,

DAVIDSON, MEAUX, SONNIER, MCELLIGOTT,
FONTENOT, GIDEON & EDWARDS

*/s/ Kyle L. Gideon*
KYLE L. GIDEON, #14288
JOHN E. McELLIGOTT, JR., #13822
810 South Buchanan Street
P. O. Box 2908
Lafayette, LA 70502-2908
Telephone: (337) 237-1660
Facsimile: (337) 237-3676
Email: kgideon@davidsonmeaux.com
Email: jmcelligott@davidsonmeaux.com

Douglas W. Poole
MCLEOD, ALEXANDER, POWEL & APFFEL
802 Rosenberg
P.O. Box 629
Galveston, Texas 77553
Telephone:  (409) 763-2481
Facsimile:  (409) 762-1155
Email:  dwpoole@mapalaw.com

***Counsel for Sasol Chemicals (USA) LLC***

7

## <u>CERTIFICATE OF SERVICE</u>

  I hereby certify that a true and correct copy of the foregoing has been sent to all counsel of record on this 10th day of December, 2021 in accordance with the Federal Rules of Civil Procedure.


           */s/ Kyle L. Gideon    *